UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Vincent Bowers,                                       Civil Action No.: 12cv0698

                        Plaintiff,

        v.                                                    Complaint

Webcollex, LLC, d/b/a CKS Financial,

                        Defendant.
_____

## INTRODUCTION

1.        Plaintiff Vincent Bowers brings this action for statutory damages resulting from the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices while attempting to collect a debt.

## JURISDICTION AND VENUE

2.        This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.        Additionally, venue in this District arises pursuant to 28 U.S.C. § 1391(b) since Defendant Webcollex, LLC, d/b/a CKS Financial transacts business in this District and the conduct complained of occurred in this District.

4.        Plaintiff Vincent Bowers is a natural person residing in the County of Erie, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5.      Defendant Webcollex, LLC, d/b/a CKS Financial, (hereinafter "CKS") is a foreign limited liability company organized and existing under the laws of the State of Virginia. CKS is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6.      The Defendant regularly attempts to collect debts alleged to be due another.

7.      Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

8.      Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

## FACTUAL ALLEGATIONS

9.      That Plaintiff Vincent Bowers is alleged to have incurred and later defaulted on a debt.  Said alleged debt will hereinafter be referred to as "the subject debt".

10.     The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11.     On or about January 2012, Defendant made contact to Plaintiff by telephone and left a voicemail message on Plaintiff's answering machine at phone number 716-691-5142. Said telephone message read substantially as follows:

*"This is Amber Knight. I tried to get a hold of you yesterday in reference to this file that my office is currently reviewing. I do have some information that I do need to mail out to you and I would like to confirm the mailing address is correct. If you could give me a call*

*back at your earliest convenience, you can reach me at 757-204-6330. Once again 757-204-6330. Thank you."*

12.     Said contact is a "communication" as that term is defined by 15 U.S.C. §1692a(3).

13.     During said communication, Defendant failed to identify herself as a debt collector.

14.     During said communication, Defendant failed to identify the name of the company she represents.

15.     On or about January 2012, Defendant made contact to Plaintiff by telephone and left a voicemail message on Plaintiff's answering machine at phone number 716-691-5142. Said telephone message read substantially as follows:

*"Office immediately, please press one now. This is David Wells. I've had my associate Amber Knight make several attempts to reach you. Unfortunately we have not heard back from you. Please take the time to return my call. I'll be available today until Eight P.M. Eastern Standard Time. My phone number is 757-204-6330. Again that number is 757-204-63."*

16.     Said contact is a "communication" as that term is defined by 15 U.S.C. §1692a(3).

17.     During said communication, Defendant failed to identify himself as a debt collector.

18.     During said communication, Defendant failed to identify the name of the company he represents.

19.     On or about January 2012, Defendant made contact to Plaintiff by telephone and left a voicemail message on Plaintiff's answering machine at phone number 716-691-5142. Said telephone message read substantially as follows:

*"Just trying to get in touch with you in regards to a statement I need from you for a matter that's placed on my desk. Please return my call at 757-204-6295."*

20.     Said contact is a "communication" as that term is defined by 15 U.S.C. §1692a(3).

21.     During said communication, Defendant failed to identify herself as a debt collector.

22.     During said communication, Defendant failed to disclose her individual name.

23.     During said communication, Defendant failed to identify the name of the company she represents.

24.     By requesting a statement for a matter on Defendant's desk, said statement caused Plaintiff to believe Defendant was a law enforcement official or an attorney.

25.     Upon information and belief, Defendant is not a member of law enforcement.

26.     Upon information and belief, Defendant is not an attorney.

27.     By requesting a statement for a matter on Defendant's desk, said statement caused Plaintiff to believe Defendant intended to file a lawsuit against Plaintiff.

28.     Defendant has not filed a lawsuit against Plaintiff and does not intend to do so.

29.     On or about January 2012, Defendant made contact to Plaintiff by telephone and left a voicemail message on Plaintiff's answering machine at phone number 716-691-5142. Said telephone message read substantially as follows:

*"Immediately, please press one now. This is Christine Spearson. I'm trying to reach you regarding preliminary documentation pertaining to you that's come across my desk. Some of my senior associates have already tried to reach you several times. Before your file is processed further, please call me at 1-800-984-3711. Again my number is 1-800-984-3711. Thank you for your time."*

30.     Said contact is a "communication" as that term is defined by 15 U.S.C. §1692a(3).

31.     During said communication, Defendant failed to identify herself as a debt collector.

32.     During said communication, Defendant failed to identify the name of the company she represents.

33.     By referring to preliminary documentation and the intent to process the listener's file further, said statements caused Plaintiff to believe Defendant was an attorney.

34.     Upon information and belief, Defendant is not an attorney.

35.     By referring to preliminary documentation and the intent to process the listener's file further, said statements caused Plaintiff to believe Defendant intended to file a lawsuit against Plaintiff.

36.     Defendant has not filed a lawsuit against Plaintiff and does not intend to do so.

37.     On or about January 2012, Defendant made contact to Plaintiff by telephone and left a voicemail message on Plaintiff's answering machine at phone number 716-691-5142. Said telephone message read substantially as follows:

*"Hi my name is Carolyn Landers. I'm trying to get in touch with you in regards to a matter that's been placed in my office to review. And I'm concerned that you're not aware and I would prefer to get a statement from you before any final decisions are actually made. And you can call me back at 757-204-6287. Again my name is Carolyn Landers my number 757-204-6287."*

38.     Said contact is a "communication" as that term is defined by 15 U.S.C. §1692a(3).

39.     During said communication, Defendant failed to identify herself as a debt collector.

40.     During said communication, Defendant failed to identify the name of the company she represents.

41.     By requesting a statement from the listener before any final decisions are made, said statement caused Plaintiff to believe Defendant was an attorney.

42.     Upon information and belief, Defendant is not an attorney.

43.     By requesting a statement from the listener before any final decisions are made, said statement caused Plaintiff to believe Defendant intended to file a lawsuit against Plaintiff.

44.     Defendant has not filed a lawsuit against Plaintiff and does not intend to do so.

45.     On or about January 2012, Defendant made contact to Plaintiff by telephone and left a voicemail message on Plaintiff's answering machine at phone number 716-691-5142. Said telephone message read substantially as follows:

*"Immediately, please press one now. This is David Wells. I'm trying to reach you in reference to preliminary documentation that has come across my desk. Some of my senior associates have already tried to reach you. Before your file is processed further, please call my office at 1-800-984-3711. Again my number is 1-800-984-3711. Thank you for your time."*

46.     Said contact is a "communication" as that term is defined by 15 U.S.C. §1692a(3).

47.     During said communication, Defendant failed to identify himself as a debt collector.

48.     During said communication, Defendant failed to identify the name of the company he represents.

49.     By referring to preliminary documentation and the intent to process the listener's file further, said statements caused Plaintiff to believe Defendant was an attorney.

50.     Upon information and belief, Defendant is not an attorney.

51.     By referring to preliminary documentation and the intent to process the listener's file further, said statements caused Plaintiff to believe Defendant intended to file a lawsuit against Plaintiff.

52.     Defendant has not filed a lawsuit against Plaintiff and does not intend to do so.

53.     On or about January 2012, Defendant made contact to Plaintiff by telephone and left a voicemail message on Plaintiff's answering machine at phone number 716-691-5142. Said telephone message read substantially as follows:

*"Hi this is Miss Parkhurst. I'm trying to reach you regarding some preliminary documentation that was received in my office. I'm concerned because your file is scheduled for further processing and I would like to make sure you have an opportunity to provide a statement on your behalf. I would like to run the information by you, update any inaccurate information, and proceed the best way I see fit. If you please take a moment to return my call today at 757-204-6285. That's 757-204-6285. Please reference your file number of."*

54.     Said contact is a "communication" as that term is defined by 15 U.S.C. §1692a(3).

55.     During said communication, Defendant failed to identify herself as a debt collector.

56.     During said communication, Defendant failed to identify the name of the company she represents.

57.     By referring to preliminary documentation, a file scheduled for further processing, an opportunity to provide a statement, and proceeding the best way she sees fit, said statements caused Plaintiff to believe Defendant was an attorney.

58.     Upon information and belief, Defendant is not an attorney.

59.     By referring to preliminary documentation, a file scheduled for further processing, an opportunity to provide a statement, and proceeding the best way she sees fit, said statements caused Plaintiff to believe Defendant intended to file a lawsuit against Plaintiff.

60.     Defendant has not filed a lawsuit against Plaintiff and does not intend to do so.

61.     On or about January 2012, Defendant made contact to Plaintiff by telephone and left a voicemail message on Plaintiff's answering machine at phone number 716-691-5142. Said telephone message read substantially as follows:

*"Immediately, please press one now. This is David Wells. My office has been making several attempts to reach you in the last few weeks. For some reason we still have not had contact with you. I would appreciate a return call. I'll be in my office today until about eight o'clock Eastern Time. I can be reached at 757-204-6330. Again that's 757-204-6330. If I do not hear from you, I may have to proceed without your input. Thank you for your time."*

62.     Said contact is a "communication" as that term is defined by 15 U.S.C. §1692a(3).

63.     During said communication, Defendant failed to identify himself as a debt collector.

64.     During said communication, Defendant failed to identify the name of the company he represents.

65.     By stating he would proceed without the listeners input if he did not receive a call, said statement caused Plaintiff to believe Defendant was an attorney.

66.     Upon information and belief, Defendant is not an attorney.

67.     By stating he would proceed without the listeners input if he did not receive a call, said statement caused Plaintiff to believe Defendant intended to file a lawsuit against Plaintiff.

68.     Defendant has not filed a lawsuit against Plaintiff and does not intend to do so.

69.     On or about February 2012, Defendant made contact to Plaintiff by telephone and left a voicemail message on Plaintiff's answering machine at phone number 716-691-5142. Said telephone message read substantially as follows:

*"This is Amber Knight. I tried reaching out to you last week in reference to your file that was transferred over to my office for a recommendation. This matter does pertain directly to you, and it is in reference to an arbitrary matter. If you could give me a call back, I would like to give you an opportunity to provide your statement. My number here is 757-204-6330. Thank you."*

70.     Said contact is a "communication" as that term is defined by 15 U.S.C. §1692a(3).

71.     During said communication, Defendant failed to identify herself as a debt collector.

72.     During said communication, Defendant failed to identify the name of the company she represents.

73.     By stating she had a file for the listener transferred to her office for a recommendation, the matter was an arbitrary matter, and would like to give an

opportunity to provide a statement, said statement caused Plaintiff to believe Defendant was an attorney.

74.     Upon information and belief, Defendant is not an attorney.

75.     By stating she had a file for the listener transferred to her office for a recommendation, the matter was an arbitrary matter, and would like to give an opportunity to provide a statement, said statement caused Plaintiff to believe Defendant intended to file a lawsuit against Plaintiff.

76.     Defendant has not filed a lawsuit against Plaintiff and does not intend to do so.

## CAUSES OF ACTION

77.     The aforementioned acts of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

78.     Defendant violated 15 U.S.C. §1692e(11) on or about January 2012 and February 2012, in the oral communications made those days, by failing to identify themselves as debt collectors.

79.     Defendant violated 15 U.S.C. §1692d(6) on or about January 2012 and February 2012, in the oral communications made those days, by failing to identify themselves as debt collectors.

80.     Defendant violated 15 U.S.C. §1692d(6) on or about January 2012 and February 2012, in the oral communications made those days, by failing to disclose the name of the company the debt collectors represented.

81.   Defendant violated 15 U.S.C. §1692d(6) on or about January 2012, in the oral communication made that day by the unidentified female, by failing to disclose her name.

82.   Defendant violated 15 U.S.C. §1692d on or about January 2012, in the oral communication made that day by the unidentified female, by requesting a statement from the listener for a matter on her desk. The natural consequence of said statement is to harass, oppress, and abuse the listener because it incorrectly implies the communication is from a law enforcement official or an attorney.

83.   Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(1), 15 U.S.C. §1692e(3), and 15 U.S.C. §1692e(10) on or about January 2012, in the oral communication made that day by the unidentified female, by requesting a statement from the listener for a matter on her desk. Said statement is false, deceptive, and misleading because it incorrectly implies the communication is from a law enforcement official or an attorney.

84.   Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10) on or about January 2012, in the oral communication made that day by the unidentified female, by requesting a statement from the listener for a matter on her desk. Said statement is false, deceptive, and misleading because it incorrectly implies Defendant intended to file a lawsuit against Plaintiff.

85.   Defendant violated 15 U.S.C. §1692f on or about January 2012, in the oral communication made that day by the unidentified female, by requesting a statement from the listener for a matter on her desk. Said statement is unfair and unconscionable

because it incorrectly implies the communication is from a law enforcement official or an attorney.

86.     Defendant violated 15 U.S.C. §1692d on or about January 2012, in the oral communication made that day by Christine Spearson, by stating she had preliminary documentation pertaining to the listener and requesting a call before the listener's file is processed further. The natural consequence of said statements are to harass, oppress, and abuse the listener because it incorrectly implies the Defendant intended to file a lawsuit against Plaintiff.

87.     Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(3), and 15 U.S.C. §1692e(10) on or about January 2012, in the oral communication made that day by Christine Spearson, by stating she had preliminary documentation pertaining to the listener and requesting a call before the listener's file is processed further. Said statements are false, deceptive, and misleading because they incorrectly imply Defendant is an attorney.

88.     Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10) on or about January 2012, in the oral communication made that day by Christine Spearson, by stating she had preliminary documentation pertaining to the listener and requesting a call before the listener's file is processed further. Said statements are false, deceptive, and misleading because they incorrectly imply Defendant intended to file a lawsuit against Plaintiff.

89.     Defendant violated 15 U.S.C. §1692f on or about January 2012, in the oral communication made that day by Christine Spearson, by stating she had preliminary documentation pertaining to the listener and requesting a call before the listener's file is

processed further. Said statements are unfair and unconscionable because they incorrectly imply Defendant intended to file a lawsuit against Plaintiff.

90.    Defendant violated 15 U.S.C. §1692d on or about January 2012, in the oral communication made that day by Carolyn Landers, by stating she was concerned Plaintiff was not aware of documents in her office for review, and requesting a statement from Plaintiff before any final decisions are made. The natural consequence of said statements are to harass, oppress, and abuse the listener because they incorrectly imply the Defendant intended to file a lawsuit against Plaintiff.

91.    Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(3), and 15 U.S.C. §1692e(10) on or about January 2012, in the oral communication made that day by Carolyn Landers, by stating she was concerned Plaintiff was not aware of documents in her office for review, and requesting a statement from Plaintiff before any final decisions are made. Said statements are false, deceptive, and misleading because they incorrectly imply Defendant is an attorney.

92.    Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10) on or about January 2012, in the oral communication made that day by Carolyn Landers, by stating she was concerned Plaintiff was not aware of documents in her office for review, and requesting a statement from Plaintiff before any final decisions are made. Said statements are false, deceptive, and misleading because they incorrectly imply Defendant intended to file a lawsuit against Plaintiff.

93.    Defendant violated 15 U.S.C. §1692f on or about January 2012, in the oral communication made that day by Carolyn Landers, by stating she was concerned Plaintiff was not aware of documents in her office for review, and requesting a

statement from Plaintiff before any final decisions are made. Said statements are unfair and unconscionable because they incorrectly imply Defendant intended to file a lawsuit against Plaintiff.

94.     Defendant violated 15 U.S.C. §1692d on or about January 2012, in the oral communication made that day by David Wells, by stating he had preliminary documentation pertaining to the listener and requesting a call before the listener's file is processed further. The natural consequence of said statements are to harass, oppress, and abuse the listener because it incorrectly implies the Defendant intended to file a lawsuit against Plaintiff.

95.     Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(3), and 15 U.S.C. §1692e(10) on or about January 2012, in the oral communication made that day by David Wells, by stating he had preliminary documentation pertaining to the listener and requesting a call before the listener's file is processed further. Said statements are false, deceptive, and misleading because they incorrectly imply Defendant is an attorney.

96.     Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10) on or about January 2012, in the oral communication made that day by David Wells, by stating he had preliminary documentation pertaining to the listener and requesting a call before the listener's file is processed further. Said statements are false, deceptive, and misleading because they incorrectly imply Defendant intended to file a lawsuit against Plaintiff.

97.     Defendant violated 15 U.S.C. §1692f on or about January 2012, in the oral communication made that day by David Wells, by stating he had preliminary

documentation pertaining to the listener and requesting a call before the listener's file is processed further. The natural consequence of said statements are to harass, oppress, and abuse the listener because it incorrectly implies the Defendant intended to file a lawsuit against Plaintiff.

98.     Defendant violated 15 U.S.C. §1692d on or about January 2012, in the oral communication made that day by Miss Parkhurst, by referring to preliminary documentation, a file scheduled for further processing, an opportunity to provide a statement, and proceeding the best way she sees fit. The natural consequence of said statements are to harass, oppress, and abuse the listener because they incorrectly imply the Defendant intended to file a lawsuit against Plaintiff.

99.     Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(3), and 15 U.S.C. §1692e(10) on or about January 2012, in the oral communication made that day by Miss Parkhurst, by referring to preliminary documentation, a file scheduled for further processing, an opportunity to provide a statement, and proceeding the best way she sees fit. Said statements are false, deceptive, and misleading because they incorrectly imply Defendant is an attorney.

100.     Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10) on or about January 2012, in the oral communication made that day by Miss Parkhurst, by referring to preliminary documentation, a file scheduled for further processing, an opportunity to provide a statement, and proceeding the best way she sees fit. Said statements are false, deceptive, and misleading because they incorrectly imply Defendant intended to file a lawsuit against Plaintiff.

101.    Defendant violated 15 U.S.C. §1692f on or about January 2012, in the oral communication made that day by Miss Parkhurst, by referring to preliminary documentation, a file scheduled for further processing, an opportunity to provide a statement, and proceeding the best way she sees fit. Said statements are unfair and unconscionable because they incorrectly imply Defendant intended to file a lawsuit against Plaintiff.

102.    Defendant violated 15 U.S.C. §1692d on or about January 2012, in the oral communication made that day by David Wells, by stating he would proceed without the listeners input if he did not receive a call. The natural consequence of said statements are to harass, oppress, and abuse the listener because it incorrectly implies the Defendant intended to file a lawsuit against Plaintiff.

103.    Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(3), and 15 U.S.C. §1692e(10) on or about January 2012, in the oral communication made that day by David Wells, by stating he would proceed without the listeners input if he did not receive a call. Said statements are false, deceptive, and misleading because they incorrectly imply Defendant is an attorney.

104.    Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10) on or about January 2012, in the oral communication made that day by David Wells, by stating he would proceed without the listeners input if he did not receive a call. Said statements are false, deceptive, and misleading because they incorrectly imply Defendant intended to file a lawsuit against Plaintiff.

105.    Defendant violated 15 U.S.C. §1692f on or about January 2012, in the oral communication made that day by David Wells, by stating he would proceed without the

listeners input if he did not receive a call. The natural consequence of said statements are to harass, oppress, and abuse the listener because it incorrectly implies the Defendant intended to file a lawsuit against Plaintiff.

106.    Defendant violated 15 U.S.C. §1692d on or about January 2012, in the oral communication made that day by Amber Knight, by stating she had a file for the listener transferred to her office for a recommendation, the matter was an arbitrary matter, and would like to give an opportunity to provide a statement. The natural consequence of said statements are to harass, oppress, and abuse the listener because it incorrectly implies the Defendant intended to file a lawsuit against Plaintiff.

107.    Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(3), and 15 U.S.C. §1692e(10) on or about January 2012, in the oral communication made that day by Amber Knight, by stating she had a file for the listener transferred to her office for a recommendation, the matter was an arbitrary matter, and would like to give an opportunity to provide a statement. Said statements are false, deceptive, and misleading because they incorrectly imply Defendant is an attorney.

108.    Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10) on or about January 2012, in the oral communication made that day by Amber Knight, by stating she had a file for the listener transferred to her office for a recommendation, the matter was an arbitrary matter, and would like to give an opportunity to provide a statement. Said statements are false, deceptive, and misleading because they incorrectly imply Defendant intended to file a lawsuit against Plaintiff.

18

109.     Defendant violated 15 U.S.C. §1692f on or about January 2012, in the oral communication made that day by Amber Knight, by stating she had a file for the listener transferred to her office for a recommendation, the matter was an arbitrary matter, and would like to give an opportunity to provide a statement. The natural consequence of said statements are to harass, oppress, and abuse the listener because it incorrectly implies the Defendant intended to file a lawsuit against Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the following relief be granted:

(a)     Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b)     Statutory damages for the Plaintiff of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c)     Costs and disbursements of this action, along with reasonable attorney's fees, pursuant to 15 U.S.C. §1692k(a)(3); and

(d)     For any and all additional relief as this Court deems just and proper.

## JURY DEMAND

Please take notice that Plaintiff demands a trial by jury in this action.

Date: July 24, 2012                                    Respectfully submitted,

/s/ Cyrus B. Chubineh

Cyrus B. Chubineh, Esq.
P.O. Box 714
Getzville, NY 14068
chubineh@yahoo.com
Tel: 716-864-0715
Fax: 716-478-8540
Attorney for Plaintiff

19